## HENRY HEIMS *vs.* WILLIAM S. RING.

Since the enactment of Gen. Sts. *c.* 156, § 5, if the plaintiff in an action of trespass to real estate, commenced originally in the superior court, recovers less than twenty dollars as damages, he will be entitled to no costs, unless the judge shall certify, under *St.* 1862, *c.* 36 that the title to real estate was in fact concerned.

TORT in the nature of trespass *quare clausum*, brought originally in the superior court by writ dated July 22d 1864. At the trial before *Brigham*, J., without a jury, the plaintiff recovered fifteen dollars damages. The judge disallowed costs, and the plaintiff appealed to this court.

*T. Willey*, for the plaintiff.

*A. W. Boardman*, for the defendant.

DEWEY, J.   Prior to the Gen. Sts. *c.* 156, § 5, in a case like the present, the plaintiff would, under the well settled rules of this court, have been entitled to tax full costs.

Under the various earlier statutes the limited jurisdiction of justices of the peace in actions of trespass upon real estate, and the nature of the action as one that might probably involve a question of title to real estate, led the court to hold that the commencement of the same in the higher court did not prevent the plaintiff from recovering his full costs, although the damages recovered did not exceed the jurisdiction of a justice of the peace.   The Rev. St. *c.* 121, § 3, recognized actions of trespass upon real estate as personal actions, and expressly excepted them from the general rule of allowing costs not exceeding one fourth the amount of damages, where the damages were less than twenty dollars.

The Gen. Sts. *c.* 156, § 5, have materially changed the law on this subject.   The clause in the Rev. Sts. *c.* 121, § 13, excepting actions of trespass upon real estate from the general rule applicable to personal actions as to costs where the damages recovered were less than twenty dollars in an action originally instituted in the superior court, was wholly stricken out.

. This made the provision as to costs alike applicable to all personal actions.   We must suppose it to have been so designed

by the commissioners who reported the same, and by the legis-lature who adopted it. The Gen. Sts. *c.* 120, § 1, have enlarged the jurisdiction of justices of the' peace in this class of cases, giving to them exclusive original jurisdiction in all actions of tort, where the damages demanded do not exceed twenty dollars, and thus in that respect assimilating them to other personal actions. The Gen. Sts. *c.* 156, § 5, have excepted actions of replevin only from the general rule as to costs in personal actions.

That the action of trespass upon real estate was not a personal action in the well known common law distinction of personal and real actions has never been suggested by the court. It was upon other grounds that full costs were allowed in such actions. But those reasons have ceased to exist under the Gen. Sts. The legislature, aware of this change, and deeming it too sweeping in its effects, as it would in all cases of actions originally commenced in the superior court deprive the party of his full costs if the damages were less than twenty dollars, although the title to real estate did in fact come in question, by *St.* 1862, *c.* 36, have provided that, in all cases in which the title to real estate may be concerned, the party prevailing shall recover his full costs, without regard to the amount of damages recovered, provided " the title to real estate shall in fact be concerned in the particular case, and the judge before whom the cause is tried shall certify such to be the fact."

The defendant insists that this statute was particularly designed to apply to other cases of trespass, such as those upon the person, or goods and chattels, where the right of the parties might depend upon the title to real estate, and therefore no argument arises for its supposed necessity, in reference to trespass upon real estate, from the fact of its enactment.

In the opinion of the court, it embraces the latter as well as the former, and was intended as a general provision regulating costs in personal actions when the title to real estate shall in fact be concerned.

But the statute has not only provided as to the particular facts required to entitle the party to full costs, but also as to the mode of proof of those facts, making it necessary that the

judge before whom the cause is tried shall certify as to the same. This necessarily prevents the drawing of inferences as to whether the title was in question from the form of the declaration, or the facts originally stated in the answer, and leaves the fact whether the title to real estate was actually concerned to be shown by the certificate of the judge who tried the case.

This leaves the party who institutes an action of trespass upon real estate to select the proper tribunal as the court of original jurisdiction, having regard to the amount of his claim for damages, and being attended with the like penalties as to his costs that attach to actions of trespass upon the person or upon the goods of the party.

He may avoid all risk as to costs by instituting his suit, where the actual damages are of small amount, before a justice of the peace, with full power to remove the case to a higher court if the title to real estate is put in issue.

Wherever commenced, if the title to real estate shall in fact be concerned, as shown on the trial, upon a certificate of the judge to that effect, the plaintiff will, if he is the prevailing party, recover full costs.                    *Exceptions overruled.*